NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0045n.06

Case No. 23-3484

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 30, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| TREVA KIRKBRIDE, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| | ) | |
| ANTERO RESOURCES CORP., | ) | |
| Defendant-Appellee. | ) | |
| | ) | OPINION |
| | ) | |

Before: BATCHELDER, CLAY, and DAVIS, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** The plaintiff appeals the district court's dismissal for failure to state a claim in an action alleging breach of contract. We AFFIRM.

**I.**

As pertinent here, Treva Kirkbride is the lessor and Antero Resources Corporation is the lessee in an oil-and-gas lease that requires Antero to make royalty payments to Kirkbride, as the sole trustee of the R and K Trust. The lease also has a pre-lawsuit-notice provision, which states that "service of said notice shall be a condition precedent to the commencement of any action by [Kirkbride] for breach of any obligation or covenant hereunder and no such action shall be commenced before ninety days from [Antero's] receipt of written notice." On May 24, 2022, Kirkbride sued Antero in federal court, as a putative class action, for breach of contract, claiming

that Antero had not paid all of the royalties due under the lease. She did not provide Antero with any notice before filing the lawsuit.[1]

Without filing an answer, Antero moved to dismiss because Kirkbride had not satisfied the lease's pre-lawsuit-notice requirement (condition precedent). But Kirkbride replied that, under Ohio law, her service of the complaint satisfied the condition precedent. The district court disagreed and held that when "a contract requires a party to give pre-suit notice of an alleged breach of that contract, and the party fails to give such notice, dismissal is appropriate." *Kirkbride v. Antero Res. Corp.*, No. 2:22-cv-2251, 2023 WL 3321223, at *2 (S.D. Ohio, May 9, 2023) (relying on *Au Rustproofing Ctr., Inc. v. Gulf Oil Corp.*, 755 F.2d 1231, 1237 (6th Cir. 1985) ("It is well established under Ohio contract law that a . . . right of action requiring notice as a condition precedent cannot be enforced unless the notice provided for has been given." (citations omitted))).

In addressing Kirkbride's arguments, the district court explained that this was not "a mere technical noncompliance with the Notice Requirement"; but rather "a wholesale failure to comply with—or even attempt to comply with—the Notice Requirement." *Id*. The district court further emphasized that "the Lease expressly requires *pre-suit* notice"—but Kirkbride "filed suit on May 24, 2022, [and] did not serve the Complaint on [Antero] until June 1, 2022. Thus, as the Complaint was served on [Antero] *after* [Kirkbride] initiated this action, by definition, it cannot be *pre-suit* notice." *Id.* Finally, the district court rejected Kirkbride's contention that *Northfield Park*

---

[1] On June 1, 2022, Kirkbride served Antero with the original (May 24) complaint. On June 9, Kirkbride filed an amended complaint, and on July 15, she filed a second amended complaint. Antero moved to dismiss on August 3 (which was 63 days after receiving service of the original complaint) and Kirkbride filed a response on August 31 (91 days after service), claiming that she had given Antero notice 90 days earlier, via the original complaint.

On September 19, the district court issued an opinion and order in which it found that Kirkbride had not alleged (in any of her three complaints) that she had satisfied the lease's pre-lawsuit-notice condition precedent, and ordered her to file a third amended complaint that would do so. On September 21, Kirkbride filed a third amended complaint. And on October 5, Antero moved to dismiss that complaint, again based on the notice provision.

On May 9, 2023, the district court granted Antero's motion and dismissed the lawsuit. On June 1, Kirkbride filed notice of the present appeal, which was docketed in this court on June 6, 2023.

*Associates v. Northeast Ohio Harness*, 521 N.E.2d 466 (Ohio Ct. App. 1987), stands for the broad proposition that service of a complaint, standing alone, necessarily satisfies (or overcomes) a pre-lawsuit-notice requirement. *Kirkbride*, 2023 WL 3321223, at *2. The district court explained that *Northfield Park* considered a different contract and "different facts," as it "discusses 'numerous' verbal and written notices of alleged wrongful conduct prior to the lawsuit." *Id.*

The district court dismissed the action and Kirkbride appeals.[2]

## II.

"We review de novo a district court's decision to dismiss under Rule 12(b)(6) for failure to state a claim." *Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 882 (6th Cir. 2023). "In analyzing a 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and accept all [factual] allegations as true." *Id.* (quotation marks and citation omitted).

Kirkbride's basic contention is that *post*-lawsuit notice satisfies a contract's *pre*-lawsuit notice requirement. According to Kirkbride, Ohio law renders pre-lawsuit notice requirements unenforceable because service of the complaint in a breach-of-contract lawsuit constitutes de facto notice, thereby satisfying the contract's notice requirement, making the absence of pre-lawsuit notice harmless, and overcoming a defense based on that requirement (condition precedent).

That contention is obviously questionable on its face. And none of the five opinions that Kirkbride cites in her brief actually holds any such thing. *See MRI Software, L.L.C. v. W. Oaks Mall FL, L.L.C.*, 116 N.E.3d 694, 700-01 (Ohio Ct. App. 2018) (holding that multiple emails and first class letters, to which the defendant had responded, satisfied actual notice even though they were not sent by "certified mail, return receipt" as specified in the contract); *Triangle Props., Inc.*

---

[2] On appeal, Kirkbride has moved this court to take judicial notice of certain documents. Antero did not oppose that motion. We grant the motion and accept those documents into the present record.

*v. Homewood Corp.*, 3 N.E.3d 241, 257-58 (Ohio Ct. App. 2013) (holding that the amended contract had dispensed with the notice requirement, but "[e]ven if written notice w[ere] required," the voicemail proved actual notice and, because Triangle had "substantially complied with its contract obligations," this "failure to provide written notice did not excuse Homewood from performing under the contract"); *Stonehenge Land Co. v. Beazer Homes Invests., L.L.C.*, 893 N.E.2d 855, 862-63 (Ohio Ct. App. 2008) (holding that a letter to Beazer's attorney, who received and acted upon it, satisfied the notice requirement even though it was not addressed to a Beazer employee named Logsdon, as was specified in the contract); *Roger J. Au & Son, Inc. v. Ne. Ohio Reg'l Sewer Dist.*, 504 N.E.2d 1209, 1211 (Ohio Ct. App. 1986) (finding the requirement that Au provide written notice of "extremely difficult soil conditions" was satisfied by actual or constructive notice, inasmuch as "[c]ommunication, written and oral, between Au and NORSD about problems resulting from these conditions was continuous, and NORSD had numerous people representing it on site throughout Au's performance who were aware of the problems"). These cases state the unremarkable proposition that actual notice can overcome a party's technical non-compliance with the contractually specified means of notice. None of these cases suggests that a lawsuit complaint can serve as pre-lawsuit notice sufficient to satisfy a contract's mutually-agreed-upon pre-lawsuit-notice requirement, i.e., condition precedent.

In her briefing, Kirkbride focuses on *Northfield Park* and insists—despite the district court's explanation to the contrary—that "[t]he facts in this [present] case are essentially the same as those presented in *Northfield Park*." Apt. Br. at 11. But upon reading *Northfield Park*, we cannot agree. In *Northfield Park*, 521 N.E.2d at 469, the plaintiff owned a horse racing track and allowed the defendant to use the track via two leases: the NEOH lease and the Painesville lease. The notice provision of the leases required the plaintiff-lessor to provide a 10-day notice (and

4

opportunity to rectify) before repossessing the property or suing for damages. *Id.* at 472. After providing three written notices (over two years) and numerous verbal warnings "once or twice per week over an extended period of time," the plaintiff-lessor repossessed the property and filed suit. *Id.* at 473. The defendant-lessee answered that the lessor had not complied with the notice requirements, arguing primarily that the lessor gave notice too soon or waited too long (i.e., claiming that "if it had received written notice of these breaches on [the day of the repossession] it would have cured them in ten short days"), *id.*, and that the notice was not sufficiently specific (i.e., "the lease . . . required any notice to [the lessee] to state specifically that if the defaults were not cured within ten days, [the lessor] would proceed to dispossess [the lessee] of the premises"), *id.* at 473-74. The court rejected both arguments.

As relevant here, the defendant-lessee also argued that, even if the lessor had properly terminated the NEOH lease, "there was no effective notice of default with respect to any default under the Painesville lease." *Id.* at 475. Given that this was the same defendant-lessee on both overlapping leases, the court found that the defendant had actual notice as to its actions that had breached both leases, and summarily rejected this argument. *Id.* Kirkbride misreads or misrepresents an isolated sentence in the opinion as if it says that the lessor proffered—and the court accepted—the "second amended complaint" (which was filed at least three weeks after the repossession and the initial complaint) as the formal notice to satisfy the Painesville lease notice requirement. But that is not a reasonable or even plausible reading of the opinion.

In rejecting the defendant-lessee's lack-of-notice claim, the *Northfield Park* opinion says the defendant "certainly had notice of its alleged defaults under its [Painesville] lease with [the plaintiff] *when it received the second amended complaint* in the action below. It did not have just several days to cure these defaults, but several months. This it did not do." *Id.* (emphasis added).

5

That is, by the time that "it received the second amended complaint," sometime after November 29, the defendant had already received four written notices and countless (weekly) verbal warnings, and had been dispossessed of the property (and been sued) under its other lease. Given such overwhelming actual notice, the defendant "certainly" had received notice by this time. There is nothing to suggest that the lawsuit complaint, standing alone, constituted *the* notice.

Kirkbride asserts in her briefing that: "The Ohio Court of Appeals [in *Northfield Park*] correctly held that a technical non-compliance with the written notice requirement should not be strictly applied where the lessee received actual notice of its contractual defaults, had ample time to cure those defaults, but refused to do so." Apt. Br. at 12 (citing *Northfield Park*, 521 N.E.2d at 475). Fair as that is, it is certainly not the holding from *Northfield Park*. But even if it were, Kirkbride takes an enormous leap to contend that, even without any other notice at all, the mere service of the complaint in a breach-of-contract lawsuit constitutes actual notice sufficient to satisfy the contract's pre-lawsuit-notice requirement and overcome a defense based on that provision. *Northfield Park* comes nowhere close to supporting that contention.

Lastly, Kirkbride argues that had she complied with the lease's 90-day pre-lawsuit notice provision, her four-year statute of limitations would have expired. While this posed a dilemma for Kirkbride, she cites no authority to support her theory that an expiring statute of limitations excuses her failure to provide pre-lawsuit notice. Nothing suggests that Kirkbride made a good-faith effort to comply with the pre-lawsuit notice provision: She had four years to bring her claims under the applicable statute of limitations. And she was not short of the required 90 days' notice by just a few days or even weeks—she made no attempt to provide any pre-lawsuit notice at all.

The lease between Kirkbride and Antero required written notice 90 days before filing a lawsuit. Kirkbride did not provide any notice at all—not actual notice, constructive notice, or

technically deficient notice.  Consequently, Kirkbride did not satisfy the contractual requirement

(condition precedent) for bringing the lawsuit and the district court properly dismissed.

### III.

For the forgoing reasons, we AFFIRM the judgment of the district court.